# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LAURA WINFREY and <br> JUSTINA WINFREY, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | No. 16 C 9118 |
| v. | ) <br> ) | Judge Sara L. Ellis |
| CITIMORTGAGE, INC., FEDERAL <br> NATIONAL MORTGAGE ASSOCIATION, <br> KAREN YARBROUGH, COOK COUNTY <br> RECORDER OF DEEDS, <br> JOSEPH A. BERRIOS, COOK COUNTY <br> ASSESSOR, ET AL., | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Defendants Joseph A. Berrios, Cook County Assessor, and Karen Yarbrough, Cook County Recorder of Deeds (collectively, "Defendants"), move to dismiss [83] Pro Se Plaintiffs Laura Winfrey and Justina Winfrey's claims against them in the Third Amended Complaint (the "TAC"). The TAC includes seven counts, and while not entirely clear which Defendants are the subject of each count, it appears Plaintiffs intend to bring the following claims against Berrios and Yarbrough: Count III for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et seq.*, Count IV for violation of Plaintiffs' rights under the Thirteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1982, Count VI for violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, and Count VII for violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1964(c). Defendants move to dismiss Count III arguing that they are not subject to ICFA and even if they were, Plaintiffs have not alleged a violation of ICFA, and the applicable

statute of limitations bars any claim under ICFA. Defendants move to dismiss Count IV arguing that Plaintiffs' allegations are conclusory and insufficient to state a claim under § 1982. Defendants move to dismiss Count VI because FOIA does not apply to state agencies, only federal agencies. Defendants move to dismiss Count VII, arguing state agencies are not subject to civil RICO claims and because Plaintiffs have not stated a RICO claim against them in their individual capacities. Plaintiffs do not respond[1] to the substance of any of Defendants arguments, waiving any response they may have had. Regardless, the Court finds that each of Defendants' arguments has merit and therefore grants their motion to dismiss. Additionally, in the caption, Plaintiffs identify numerous other Defendants, but, with the exception of their former lawyer Joseph Preston Harris, Sr., they do not allege any facts with respect to these other Defendants. Therefore, the Court dismisses all remaining claims because they are completely unsupported by facts implicating any Defendant. Finally, because this is the Plaintiffs' sixth[2] complaint, the Court concludes that additional opportunity to amend would be futile. Therefore, the Court dismisses Counts I, II, III, IV, and VII with prejudice as to all Defendants and dismisses Counts V and VI for lack of subject matter jurisdiction. This case is terminated.

---

[1] Despite Plaintiffs' failure to meaningfully respond to Defendants' motion, the Court does not summarily find the claims abandoned, but instead proceeds to fully consider Defendants' motion on the merits consistent with its obligation to "ensure that the claims of a pro se litigant are given a fair and meaningful consideration." *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) (citation omitted).

[2] The Court recognizes that some of the amended complaints were filed to fix technical errors; however, the point remains: Plaintiffs have had many opportunities to state a claim.

## BACKGROUND[3]

This case arises in the aftermath of the foreclosure of Plaintiffs' home located at 4830 West Quincy St., Chicago, Illinois (the "Quincy House"). Plaintiffs allege that Yarbrough and Berrios have conspired with mortgage brokers and investors in select areas of Cook County to displace and foreclose homes owned by African Americans. Plaintiffs assert that some members of this conspiracy allowed the properties to sit vacant for years and then resold them to others to receive kickbacks and other incentives.

Plaintiffs assert that with respect to the Quincy House, a Defendant or combination of Defendants tricked them into obtaining a predatory loan on the house that resulted in Plaintiffs being unable to service their loan and ultimately precipitated the foreclosure of the Quincy House. When Plaintiffs complained about this to Yarbrough's office, they allege that employees of that office threatened them with criminal prosecution if they requested an audit of land records in Cook County.

Plaintiffs assert that at some point Berrios caused the tax identification number on the Quincy House to change, and recorded tax payments Plaintiffs made against the wrong tax identification number. Plaintiffs made a FOIA request to the Cook County Assessor's Office about the tax identification number. Plaintiffs received a response to this request. On August 20, 2015, they filed a second FOIA request, but have not received a response to this request.

---

[3] The facts in the background section are taken from Plaintiffs' TAC and are presumed true for the purpose of resolving Defendants' motions to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

# ANALYSIS

## A.     Count III: ICFA Claim

To state an ICFA claim, Plaintiffs must allege (1) a deceptive or unfair act or practice by Defendants, (2) Defendants' intent that Plaintiffs rely on the deceptive or unfair practice, (3) the deceptive or unfair practice occurred in the course of conduct involving trade or commerce, and (4) Defendants' deceptive or unfair practice caused Plaintiffs actual damage. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir. 2012); *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010).

Defendants move to dismiss this claim arguing that Plaintiffs fail to allege that Defendants engaged in a deceptive practice upon which they intended Plaintiffs to rely, that Defendants alleged actions are not involved in trade or commerce as defined under ICFA, and that the applicable statute of limitations bars this claim.

Plaintiffs' ICFA claim is difficult to parse because they do not specifically identify which Defendants are alleged to have committed the various misdeeds.  In the claim, Plaintiffs only use the collective term "Defendants" and never specifically identify Berrios or Yarbrough as engaging in a deceptive practice.  However, in the Court's best reading of the claim, it appears that Plaintiffs allege that Berrios inappropriately documented or changed the Property Identification Number ("PIN") of the Quincy House and Yarbrough recorded documents reflecting this change.  This alteration of the PIN caused Plaintiffs to pay their property taxes into the incorrect account, which led to a delinquency and subsequent sale of those property taxes.  Plaintiffs argue that this property tax sale led to Plaintiffs refinancing the mortgage on the Quincy House at a high interest rate, which ultimately led to the foreclosure and loss of the property.

These allegations do not state a claim against Berrios or Yarbrough under ICFA. Plaintiffs have not alleged any conduct that involves trade or commerce under ICFA. Such conduct is defined as "the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated." 815 Ill. Comp. Stat. 505/1(f). Berrios' changing of the PIN and Yarbrough's recording of documents reflecting that change do not fall under any of the categories listed in ICFA as conduct involving trade or commerce. Therefore, Plaintiffs cannot bring an ICFA claim based on this conduct. *See, e.g.*, *Falk v. Perez*, 973 F. Supp. 2d 850, 868 (N.D. Ill. 2013) (dismissing ICFA claim against Sheriff's Deputy who evicted individuals because his conduct did not touch on trade or commerce under ICFA).

**B.     Count IV: Thirteenth Amendment Claim**

To state a claim under 42 U.S.C. § 1982, the statute Congress enacted to enforce the Thirteenth Amendment, Plaintiffs must allege (1) membership in a protected class; (2) discriminatory intent on the part of Defendants; and (3) interference with the rights or benefits connected with the ownership of property. *See Nguyen v. Patek*, No. 14 C 1503, 2014 WL 5293425, at *2 (N.D. Ill. Oct. 16, 2014) (citing *Daniels v. Dillard's, Inc.*, 373 F.3d 885, 887 (8th Cir. 2004)).

Plaintiffs allege that employees in Yarbrough's office threatened them with criminal prosecution if they requested an audit of the land records or an accounting of how the office handled recordings. Plaintiffs allege that this was done to "deny, and expressly forbid African Americans reasonable and affordable home ownership or equity in their property." Doc. 81 at 7. These allegations are insufficient to allege discriminatory intent on the part of Yarbrough. This failure to allege sufficient facts to plausibly state a connection between Yarbrough's office's

5

refusal to conduct an audit and an intent to deprive Plaintiffs of their home on account of their race is fatal to Plaintiffs' § 1982 claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("[L]abels and conclusions [or] a formulaic recitation of the elements of a cause of action will not do.").

There are no allegations whatsoever against Berrios under the § 1982 claim, so to the extent Plaintiffs also intended to bring this claim against him, it fails.

### C. Count VI: Freedom of Information Act Claim

Plaintiffs allege that they filed a FOIA request with the Cook County Assessor's Office and that the Cook County Assessor's Office has not responded to these requests. This claim fails immediately because FOIA only applies to federal agencies, not state agencies. *See McClain v. U.S. Dep't of Justice*, 17 F. App'x 471, 474 (7th Cir. 2001) (affirming dismissal of FOIA claim against state agencies for lack of subject matter jurisdiction). And even if the Court were to construe Plaintiffs' claim as one under the Illinois FOIA law, the claim still fails as the Court does not have subject matter jurisdiction over Illinois FOIA claims. *See Withrow v. Elk Grove Police Dep't Chief Charles Walsh*, No. 15-CV-2222, 2015 WL 9259884, at *4 (N.D. Ill. Dec. 18, 2015) (dismissing Illinois FOIA claim for lack of subject matter jurisdiction). Therefore, the Court grants the motion to dismiss Count VI. The Court does not dismiss this claim with prejudice because the dismissal is for lack of subject matter jurisdiction.

### D. Count VII: Civil RICO Claim

Defendants move to dismiss Plaintiffs' RICO claims arguing that RICO does not apply to county officials in their official capacities, and to the extent Plaintiffs bring this claim against Yarbrough and Berrios in their individual capacities, Plaintiffs allegations are merely a conclusory resuscitation of the elements of a RICO claim and insufficient to state a claim.

RICO does not apply to local government entities. *See Reyes v. City of Chicago*, 585 F. Supp. 2d 1010, 1014 (N.D. Ill. 2008) (citing *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 914 (3rd Cir. 1991)). Therefore, this claim against Yarbrough and Berrios in their official capacities fails as a matter of law.

To state a claim against Yarbrough or Berrios in their individual capacities, Plaintiffs must allege that Yarbrough or Berrios injured them through the (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Plaintiffs' entire RICO allegation is contained in a single paragraph which states:

> Plaintiff is informed and has a good faith belief that the Defendants, and each of them, have conspired to engage in a pattern of racketeering and conspiracy to defraud the Plaintiff out of her property through the improper documentation and crediting of tax payments. The Defendants would then purchase the foreclosed properties and resell them at usrey [sic] interest rates.

Doc. 81 at 9. These allegations are conclusory and wholly insufficient to state a claim for civil RICO. For example, Plaintiffs do not allege the existence of an "enterprise" for RICO purposes. A "RICO complaint must identify the enterprise." *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000) (internal quotation marks omitted). An enterprise "must have an ongoing 'structure' of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchial or consensual decision making." *Id.* (internal quotation marks omitted). The TAC is completely devoid of any such allegations. Plaintiffs do not identify the

enterprise much less present any allegations of that enterprise's structure.  Therefore, the RICO claim fails.

**E.     Remaining Counts**

Counts I and II do not implicate Berrios and Yarbrough, but they also fail to allege any conduct on behalf of any other identified Defendant. Therefore, the Court dismisses these Counts for failure to state a claim with respect to any Defendant.  The Court does not need to wait for a party to move to dismiss these claims because the claims do not identify any party who could do so.  Additionally, Counts III, IV, VI, and VII do not identify any of the other Defendants listed in the caption, so the Court similarly dismisses these claims with respect to the remaining Defendants.

Count V, against Plaintiffs' former attorney Joseph Harris, is styled as an ineffective assistance of counsel claim, but is, in reality, a state law legal malpractice claim.  Because the Court has dismissed all of Plaintiffs' federal law claims, the Court lacks subject matter jurisdiction over this claim.  Therefore, the Court dismisses Count V.

**CONCLUSION**

For the foregoing reasons, the Court grants Berrios and Yarbrough's motion to dismiss [83]. The Court dismisses Counts I, II, III, IV, and VII with prejudice. Plaintiffs have had numerous opportunities to amend their claims to overcome their deficiencies but have failed to do so repeatedly. Therefore, the Court finds that additional opportunity to amend would be futile. Finally, the Court dismisses Counts V and VI for lack of subject matter jurisdiction. This case is terminated.

Dated: October 3, 2018

SARA L. ELLIS
United States District Judge